**J. W. COOK**

v.

**MISSOURI PACIFIC RAILROAD COMPANY.**

**Civ. A. No. 2076.**

United States District Court
W. D. Texas,
San Antonio Division.

Jan. 2, 1958.

Calvin W. Wesch, of Roberson & Wesch, Kermit, Tex., for plaintiff.

Josh H. Groce, of Eskridge, Groce & Hebdon, San Antonio, Tex., for defendant.

BEN H. RICE, Jr., Chief Judge.

This court having heretofore entered its order staying the above case in order to give the National Railroad Adjustment Board the first opportunity to pass upon the construction of the Railway Labor contracts and the Railway rules, customs and usages involved in this suit (see Cook v. Thompson, 150 F.Supp. 650); and the defendant now having made known to the court that said Adjustment Board has made and entered its final award in the following terms:

"National Railroad Adjustment Board
"First Division

"Award 17 970
"Docket 33774

"Parties }  San Antonio, Uvalde and Gulf Railroad Company
to
Dispute }  J. W. Cook

"Statement
of Claim:    "Request that the First Division, National Railroad Ad-
justment Board sustain action of the Carrier in dis-
missing J. W. Cook from Carrier's service January
26, 1953 for failure to protect his assignment as en-
gineer-fireman on the San Antonio, Uvalde & Gulf
Railroad since August 15, 1952."

"Findings:    The First division of the National Railroad Adjust-
ment Board, upon the whole record and all the evi-
dence, finds that the parties herein are carrier and employe within the
meaning of the Railway Labor Act, as amended [45 U.S.C.A. § 151
et seq.], and that this Division has jurisdiction.

"Hearing was held.

"The dispute comes to this Division by petition of the carrier and in-
volves the question of its action in discharging an employe in engine
service for his failure to comply with rules of the collectively-bargained
schedule agreement and the carrier's operating rules.

"The employe's last service was performed at Corpus Christi, Texas,
on August 15, 1952, as locomotive engineer, from which time he was
voluntarily absent and inaccessible without leave. The record disclos-
es that nothing was heard from him for approximately three months
when a letter dated November 12, 1952 was received by the carrier's
Superintendent containing a request for a leave of absence both retro-
spectively to the date of his having left his job and continuing until
January 1, 1953. The letter stated he had removed his wife to another
climatic region of Texas for reasons of her health. The request for
leave to be absent, made at a time when his period of absence was
already of some three months' duration, was not granted.

"There is no evidentiary showing in this record of sickness either of
the employe or of his wife, nor is there any suggestion of suddenness in
the health condition that is mentioned.

"The carrier refers to Article 29 governing the subject of leaves of
absence, and to its Operating Rule No. 504 requiring employes to regis-
ter address changes and give notice of where they can be found. The
record establishes that schedule agreement provisions and carrier's op-
erating rules, all of which are in conformity with customs and usages
in the railroad industry relating to the whereabouts, accessibility, resi-
dence, and authorized absence of rail carrier employes, were not com-
plied with.

"The position of the carrier and its action taken in these circumstances will, therefore, be sustained.

"Award: Carrier's action in dismissing J. W. Cook is sustained.

"National Railroad Adjustment Board
By Order of First Division

"Attest: /s/ J. M. Macleod
Executive Secretary

"Dated at Chicago, Illinois.
This 17th Day of January 1957."

———◆———

And it appearing to the court that under Title 45, Section 153, first (m), it is provided that "the awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award", the court is of the opinion that this cause should be dismissed, since the award of the Adjustment Board is final, there having been no money award.

It is, therefore, Ordered, Adjudged and Decreed that this cause be, and the same hereby is, in all things Dismissed with prejudice.